UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD GARIEPY, <br><br> Defendant. | CIVIL ACTION <br> NO. 04-40261FDS |

## JOINT STIPULATION OF JUDGMENT

WHEREAS, Plaintiff Charter Communications Entertainment I, LLC d/b/a Charter Communications ("Charter"), is licensed by the Connecticut Department of Public Utility Control to provide cable television service in various municipalities in Connecticut; and

WHEREAS, Charter has initiated litigation in the United States District Court for the District of Connecticut in the matter captioned <u>Charter Communications Entertainment I, LLC d/b/a Charter Communications v. Richard Gariepy</u>, Docket No. 04 CV 40261 (FDS) (the "Litigation"), asserting that Richard Gariepy (the "Defendant") ordered, purchased, received and possesses, possessed, used or assisted others in the use of a cable theft devices, individually known as the "DP47" from a company known as Modern Electronics, Inc. in order to effect the unauthorized reception and interception of Charter's cable services; and

WHEREAS, Charter and Defendant (collectively, the "Parties") have many reasons to settle the Litigation including: (a) one of Charter's central purposes in this

-1-

litigation is to stop the unauthorized use of its cable services as quickly as possible and (b) where that purpose can be accomplished expeditiously by agreement between the parties, both parties may avoid the time and expense which would otherwise be devoted to this Litigation; and

WHEREAS, as part of the settlement, Defendant wishes to pay the monetary consideration in installments; and

WHEREAS, as partial consideration of the Settlement of this litigation, Defendant represents that he does not have in his possession or in use at any premises where he receives or uses Charter's cable television signals, any descrambler, decoder or other device which permits him to obtain cable services without authorization from Charter.

WHEREAS, Defendant acknowledges that should he fail to timely comply with the payment terms of this Stipulation of Judgment and the Settlement Agreement entered into by the parties, Charter's pursuit of the Litigation would be delayed and would become more expensive; and

WHEREAS, in order to avoid the delay and expense which would result to Charter should fail to comply with the terms of the installment payments and in consideration for giving the privilege of paying the monetary consideration in installments, the parties wish to stipulate to judgment;

Charter and Defendant stipulate and agree as follows:

1. That judgment shall enter in favor of Charter and against on Charter's complaint in the total principal amount of $20,000.00 plus attorneys' fees and costs pursuant to 47 U.S.C. §§ 553 and 605.

2. Defendant shall comply with the Settlement Agreement.

3. That, notwithstanding the Settlement Agreement, Defendant may prepay any installment in advance.

4. That upon complete compliance with the payment terms set forth in the Settlement Agreement, Charter, or its affiliates or assigns, shall file a Satisfaction of Judgment as against Defendant.

5. That Charter shall have the right to proceed against Defendant for the principal amount of $20,000.00, as well as attorneys' fees and costs pursuant to 47 U.S.C. §§ 553 and 605 plus interest from the date of any default under this Stipulation of Judgment, costs of collection and attorneys' fees incurred from the date of any default under this Stipulation of Judgment less any amounts paid under this Stipulation of Judgment, if Defendant shall fail to make any installment due under this Stipulation of Judgment by its due date.

6. That it is ORDERED, ADJUDGED AND DECREED that the Defendant is permanently enjoined and restrained from engaging in, assisting, aiding, abetting or otherwise promoting or supporting the unauthorized interception or reception of the cable television programming, service or signal of Charter, or of any affiliate thereof, and including without limitation, is hereby permanently enjoined and restrained from: connecting to, tapping into, attaching, splicing into, tampering with or in any way using cable wires of Charter or intercepting Charter's television system, or receiving or exhibiting Charter's cable television signal for purposes of obtaining any of Charter's programming services without Charter's express authorization and agreement; from purchasing, obtaining, installing, owning or possessing any components or parts with the intention of making any equipment capable of unscrambling, intercepting, receiving, transmitting, retransmitting, decoding or in any way making available all or part of the programming and services of Charter without Charter's authorization; from attaching or connecting any such equipment to any property of Charter without Charter's express authorization and agreement; and from any further tampering with or making any connection or any disconnection or manipulating, in any manner, for any purpose, Charter's systems without Charter's express authorization and agreement.

7. That it is ORDERED, ADJUDGED AND DECREED that jurisdiction is retained by this Court for the purpose of enabling any of the parties to apply to this Court at any time for the foregoing injunction, for the enforcement of compliance therewith, and for the punishment of any violations thereof, and that in the event of a violation of the foregoing injunction, as found by the Court after Notice and an opportunity to contest the allegations of a violation of the foregoing injunction, the statutory fines under 47 U.S.C. § 553 or § 605, in addition to attorneys' fees and costs, shall be applicable for each contemptuous violation thereof.

IN WITNESS WHEREOF, all Parties have set their hands and seals to this Settlement Agreement as of the date written above.

| | |
|---|---|
| RICHARD GARIEPY | CHARTER COMMUNICATIONS ENTERTAINMENT I, LLC d/b/a CHARTER COMMUNICATIONS, |
| | By its Attorneys, |
| *Richard Gariepy* (signature) | (signature) |
| Richard Gariepy | Burton B. Cohen, BBO#656190 |
| 38 Marjorie Lane | Christopher L. Brown, BBO#642688 |
| Southbridge, Massachusetts 01550 | Murtha Cullina LLP |
| | 99 High Street, 20th Floor |
| | Boston, MA 02110 |
| | (617) 457-4000 |

Dated: January 26, 2005